UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:10-CR-40-H

UNITED STATES OF AMERICA                                                         PLAINTIFF

VS

CURTIS GORDON, JR.                                                                DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendant, Curtis Gordon, Jr., filed several motions for a new trial on the grounds of newly discovered evidence. The Court held a hearing on July 1, 2011, to discuss at length the substance of Defendant's motions. Some of the issues arose again during the sentencing several days later. For the reasons that follow, the Court will deny the motions.

Rule 33 of the Federal Rules of Criminal Procedure says that a court may vacate a judgment and grant a defendant a new trial "if the interest of justice so requires." *Fed. R. Crim. P. 33*. "In making a motion for a new trial based on newly discovered evidence the defendant must show that the evidence (1) was discovered only after trial, (2) could not have been discovered earlier with due diligence, (3) is material and not merely cumulative or impeaching, and (4) would likely produce an acquittal if the case were retried. *U.S. v. Barlow*, 693 F.2d 954, 966 (6th Cir. 1982) (citing *U.S. v. Hedman*, 655 F.2d 813, 814 (7th Cir. 1981); *U.S. v. Garner*, 529 F.2d 962, 969 (6th Cir. 1976)).

First, Defendant argues that he is entitled to a new trial because he has secured an expert report as to the genuineness of Tom Benecke's signature. Mr. Benecke, who is deceased, was one of Defendant's accountants. Defendant produced and introduced several documents purportedly signed by Mr. Benecke. The United States objected to the documents as hearsay. It

is questionable whether an expert witness can be considered as "evidence" for the purposes of Rule 33. Regardless, Defendant's new "evidence" does not meet the second prong of the *Barlow* test. In light of the fact that Defendant produced the Benecke document himself, he could have obtained the handwriting expert before trial. The U.S., who received the documents from Defendant, were prepared to have an expert testify at trial. The Court will not grant Defendant a new trial based on a handwriting expert that could have been obtained before trial.

Second, Defendant argues that two potential witnesses, Jerry Williams and Jeffrey Manning, failed to testify because they were intimidated by the prosecution. Both witnesses declared in separate affidavits that after hearing about the prosecution's "threat" of perjury charges directed towards one of the trial witnesses, Helen Long, they were so intimidated that they refused to testify on Defendant's behalf. The Sixth Circuit has held that "government conduct which amounts to substantial interference with a witness's free and unhampered determination to testify will violate due process." *U.S. v. Foster*, 128 F.3d 949, 953 (6th Cir. 1997) (citing *U.S. v. Pierce*, 62 F.3d 818, 833 (6th Cir. 1995)).

The prosecution's threat to Helen Long does not amount to substantial interference. In *Foster*, an individual who testified before the grand jury gave exculpatory testimony with regard to the defendant, an accused drug trafficker. The individual, however, was also a suspected drug trafficker who had been granted immunity after drugs, guns, and cash were found in his home during the execution of a search warrant. Following the individual's grand jury testimony, the Assistant U.S. Attorney contacted his lawyer and said that the individual's immunity would be revoked if he testified at trial. The Sixth Circuit said that the government's warning to the individual's attorney "was at best ill-advised and at worst a possible attempt to intimidate," but

2

ultimately never decided the issue because there were alternative grounds for a new trial. *Id.* at 954. The conduct in *Foster* was far more egregious than that here. In our case, no one ever threatened either Jerry Williams or Jeffrey Manning directly. They heard of an alleged threat to another person. That threat probably would not amount to substantial interference here. The prosecution in *Foster* threatened the individual with perjury charges, but the Sixth Circuit found that such threats were inconsequential because the individual was well aware of the consequences that would accompany false testimony. *Id.* The prosecution's threat to Helen Long was ill-advised, but it does not amount to substantial interference.

Third, Defendant claims that he is entitled to a new trial because his accountant, Sheena Burke, recently discovered records indicating that Defendant's companies withheld income from him in 2001 and 2003 and payed those funds to the IRS. In addition, he refutes the assertion made at trial by the government that he received tax returns in 2001, 2002, and 2003. Defendant's evidence does not meet the second prong of the *Barlow* test, considering that it could have been discovered with due diligence prior to the trial. Nonetheless, the Court afforded Defendant the opportunity to make these arguments in greater detail at his sentencing on July 6, 2011, and it became clear that they had no merit. The income taxes payed in 2001 and 2003 had been payed on behalf of Defendant's employees, and although the tax returns from 2001, 2002, and 2003 never went directly to Defendant, they went towards his back taxes.

Finally, Defendant argues that the Court should grant him a new trial because a juror had inappropriate contact with a witness. Defendant produced the affidavit of David Keen, the estranged husband of Billi Jo Keen, a witness from the trial. According to Mr. Keen, Billi Jo revealed to him that she recognized one of the jurors, and that at some point during the trial they

spoke and laughed about some of Defendant's testimony. Mr. Keen also declares that he later found out that the juror is the cousin of his brother's girlfriend. Mr. Keen testified about these matters at the hearing as well. A defendant can obtain a new trial based on a juror's concealment of information if a juror deliberately conceals information during voir dire or if he can show actual bias. *U.S. v. Solorio*, 337 F.3d 580, 595-96 (6th Cir. 2003) (citing *Zerka v. Green*, 49 F.3d 1181 (6th Cir. 1995)). Defendant presented no evidence that the juror concealed information during voir dire, and considering the juror's tenuous relationship with Billy Jo Keen, it is reasonable to believe that she did not conceal any information. In addition, Defendant failed to present evidence of actual bias on the part of the juror or Billy Jo Keen for that matter. For reasons that the Court does not find necessary to explain in this memorandum opinion, Mr. Keen's credibility came into question during the hearing and the Court hesitates to rely on his testimony. Regardless, second-hand testimony that the juror and Billi Jo Keen laughed about Defendant's testimony does not establish actual bias.

Defendant's counsel has pursued these arguments with admirable skill and vigor. However, taking into account the evidence and arguments at both the hearing on this motion and at sentencing, the Court can find no reason to grant a new trial or to suggest that the conviction was obtained unfairly.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motions for a new trial are DENIED.

cc: Counsel of Record